IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 09-565-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Orenthal James Dendy, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Orenthal James Dendy's ("Dendy's") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Dendy's motion is summarily denied.

## I. Procedural History

On November 20, 2009, Dendy pled guilty to Counts One and Five. Count One charged Dendy with possessing with intent to distribute and distributing cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Five charged Dendy with knowingly using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On February 26, 2010, Dendy was sentenced by United States District Judge Henry F. Floyd to 21 months for Count One and a mandatory sentence of 60 months for Count Five, to run consecutively, for a total sentence of 81 months.[1] On July 14, 2011, the Fourth Circuit Court of Appeals affirmed Dendy's convictions and sentences. Thereafter, Dendy filed the instant § 2255 motion.

---

[1] On March 16, 2012, United States District Judge Sol Blatt, Jr., reduced Dendy's sentence on Count One to 12 months pursuant to 18 U.S.C. § 3582(c) and the amended guideline range issued by the United State Sentencing Commission, which was made retroactive by United States Sentencing Guideline § 1B1.10, effective November 1, 2011.

## II. Standard of Review

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v.. United States*, 523 U.S. 614, 621–22, (1998). If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With

respect to the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

### III. Discussion

In his § 2255 motion, Dendy contends that counsel was ineffective in failing to move for the dismissal of Count Five on duplicity grounds and that his plea was not intelligent, voluntary, or knowing because neither he nor counsel recognized that Count Five was duplicitous. However, these grounds are without merit as Dendy cannot show that Count Five was duplicitous.

Dendy argues that Count Five is duplicitous because § 924(c) creates two separately chargeable offenses: (1) using or carrying a firearm during and in relation to the crime, and (2) possessing a firearm in furtherance of the crime. The Fourth Circuit has not ruled whether the "use and carry" and "possess" provisions of § 924(c) actually state separate, distinct offenses. Rather, the Fourth Circuit has specifically recognized "[t]he circuit courts are divided on whether § 924(c) creates one offense or two," and specifically declined to render its own holding on the issue. *United States v. Robinson*, 627 F.3d 941, 954 (4th Cir. 2010). The issue was unsettled at the time of Dendy's plea, and remains unsettled. Because there is no binding authority establishing that Count Five was duplicitous, counsel cannot be found ineffective for failing to object. *See Kornahens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir.1995) (holding it is well-established that "an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."). Moreover, Dendy cannot show that he was prejudiced because he cannot show that a motion to dismiss Count Five would have been granted - given that the Fourth Circuit has not ruled on this issue. Additionally, Dendy cannot show that his plea was not intelligent, voluntary, or

3

knowing in regard to this issue. Accordingly, his claims are without merit.

## IV. Conclusion

For the foregoing reasons, Swain's § 2255 Motion (Dkt. # 40) is summarily **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 14, 2012
Anderson, South Carolina